IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY FRANKLIN HILLBERRY,

      Plaintiff,

v.                                        Civil Action No. 5:13cv113
                                        (Judge Stamp)

LT. R. ELDER; W.O. STEWART;
CORP. RETA MAYS; OFFICER
RICHARDS; OFFICER ADAMS;
OFFICER TIMOTHY ABNER;
OFFICER FREDERICK; COUNSELOR
JASON A. HUTSON, in their individual
capacities, and GEORGE TRENT;
JOHN V. LOPEZ, Chief of Operations;
and PAUL O'DELL, Deputy Director,
in their individual and official capacities,

      Defendants.

## REPORT AND RECOMMENDATION THAT DEFENDANT LT. R. ELDER'S MOTION FOR LEAVE TO FILE A COUNTER-CLAIM BE DENIED

The *pro se* plaintiff initiated this case on August 15, 2013, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Southern District of West Virginia. Plaintiff paid the full filing fee in this matter. The case was transferred to this district on August 21, 2013.

In his complaint, the plaintiff raises excessive force claims against the defendants, state actors within the West Virginia Division of Corrections ("WV DOC"), asserting that he was assaulted twice within two days by guards at the North Central Regional Jail ("NCRJ") in May, 2012, and beaten so severely that he had to be taken to the emergency room for treatment. The defendants have been served and have filed their answers. Defendant Elder's answer was filed on November 13, 2013. Discovery is proceeding, pursuant to a scheduling order entered December 18, 2013.

1

Pending before the undersigned is Defendant Lt. R. Elder's (hereinafter "Elder") motion for leave to file a counter-claim against the plaintiff. Elder now seeks to assert state law tort claims of outrage/intentional infliction of emotional distress, battery and assault against the plaintiff, arising out of the first incident at issue in plaintiff's complaint. Elder asserts that contrary to plaintiff's claims in his complaint, it was the plaintiff, and not he who initiated the assault, during which Elder was knocked to the floor, striking his head and sustaining a serious brain injury. Plaintiff filed an Answer and Opposition to Defendants [sic] Motion to Leave [sic] and File Cross Complaint, contending that Elder's claim of serious brain injury is not supported by the record and the motion should be denied as lacking merit.

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive counterclaim does not. Williams v. Long, 558 F.Supp.2d. 601, 603 (4th Cir. 2008) *quoting* Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988). While a compulsory counterclaim is within the court's ancillary jurisdiction to entertain, and requires no independent basis of federal jurisdiction, a permissive counterclaim that lacks its own independent jurisdictional basis is not within the jurisdiction of the court. Id.

Notwithstanding the fact that this court could have had supplemental jurisdiction under 42 U.S.C. §1983 over Elder's state law tort counterclaims, pursuant to Fed.R.Civ.P. 13,

> [a] pleading *must state* as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a)(1)(A) and (B)(emphasis added).

Here, because Elder's counterclaims are compulsory, pursuant to Fed.R.Civ.P. 13, he was required to plead them in his answer. Instead, Elder filed his answer on November 13, 2013,

some eighteen months after the incident occurred, and more than ample time for him to be apprised of the existence of his counterclaims. Now, nearly three months after pleading, he seeks to raise them; Rule 13 does not permit it.

Accordingly, it is recommended that Defendant Elder's motion for leave to file a counterclaim (Dkt.# 37) be DENIED.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by March 11, 2014,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: February 25, 2014

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE