IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY FRANKLIN HILLBERRY, II,

      Plaintiff,

v.                                           Civil Action No. 5:13CV113
                                                                     (STAMP)

LT. R. ELDER, in his individual capacity,
SGT. W. O. STEWART, in his individual capacity,
CORP. RETA MAYS, in her individual capacity,
OFFICER RICHARDS, in his individual capacity,
OFFICER ADAMS, in his individual capacity,
OFFICER TIMOTHY ABNER, in his individual capacity,
OFFICER FREDERICK, in his individual capacity,
COUNSELOR JASON A. HUSTON, in his individual capacity,
ADMINISTRATOR GEORGE TRENT,
in his individual and official capacities,
CHIEF OF OPERATIONS JOHN V. LOPEZ,
in his individual and official capacities and
DEPUTY DIRECTOR PAUL O'DELL,
in his individual and official capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT
REPORT AND RECOMMENDATION OF
THE MAGISTRATE JUDGE AND
GRANTING DEFENDANT LT. R. ELDER'S
MOTION FOR LEAVE TO FILE A COUNTERCLAIM**

I. Procedural History

On August 15, 2013, the pro se[1] plaintiff, Roy Franklin Hillberry, II ("Hillberry"), initiated this action in this Court by filing a civil rights complaint which alleged that correctional guards at the North Central Regional Jail ("NCRJ") used excessive

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

force against him and assaulted him twice within two days in May 2012 which resulted in the plaintiff requiring treatment in the emergency room. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

The defendants filed answers to Hillberry's complaint, including defendant Lt. R. Elder ("Elder") who filed his answer on November 13, 2013. Magistrate Judge Seibert then entered a scheduling order on December 18, 2013. On February 6, 2014, defendant Elder filed a motion for leave to file a counterclaim alleging that the plaintiff actually initiated the incident, assaulted him, and caused severe head trauma resulting in seizures and short-term memory loss. The plaintiff then filed a response with objections to Elder's motion.

Magistrate Judge Seibert issued a report and recommendation recommending that Elder's motion for leave to file a counterclaim be denied. The magistrate judge found that because Elder's motion was filed three months after he had filed an answer to Hillberry's complaint, leave should not be granted pursuant to Federal Rule of Civil Procedure 13 ("Rule 13"). Thereafter, Elder filed objections to the report and recommendation. The plaintiff responded by filing untimely objections to Elder's objections. Thereafter, Elder filed an untimely reply to Hillberry's objections.

Although some of the submitted materials are untimely, this Court will consider all submissions by the parties in regard to this motion and in response to the report and recommendation. For the reasons set forth below, this Court declines to adopt the magistrate judge's report and recommendation.

## II. Facts

In his motion for leave to file a counterclaim, Elder argues that the evidence suggests that he was the victim in the incident that the plaintiff is claiming damages for in his complaint. Elder asserts that the required discovery would be substantially the same because the counterclaim results from the same incident that the plaintiff describes in his complaint. Further, Elder cursorily states in his motion that the plaintiff will not be prejudiced and that Elder will be prejudiced if he is not granted leave. In his attached counterclaim, Elder asserts claims for: (1) tort of outrage/intentional infliction of emotional distress, (2) battery, and (3) assault. In his response to Elder's motion, the plaintiff asserts that Elder has no evidence to support his claims against the plaintiff and that his counterclaim would be frivolous.

In the report and recommendation, Magistrate Judge Seibert first notes that this Court could assert supplemental jurisdiction over Elder's counterclaim. However, the magistrate judge then found that Elder's counterclaim is compulsory and thus should have been pleaded in his answer. Elder's answer, however, was filed 18

3

months after the alleged incident and, the magistrate judge notes, after more than ample time had passed for him to make such allegations in his answer. As such, because Elder waited three more months after filing his answer, the magistrate judge found that leave to file a counterclaim should not be granted under Rule 13.

In his objections to the report and recommendation, Elder first argues that there has been no showing that the plaintiff would be prejudiced by Elder's counterclaim, neither by the plaintiff nor the magistrate judge, and thus the motion for leave should be freely granted under Federal Rule of Civil Procedure 15 ("Rule 15"). However, Elder contends that he clearly stated in his motion that the plaintiff would not be prejudiced by the filing of Elder's counterclaim at this juncture. Thus, Elder asserts that this is a case of delay alone and delay by itself, without prejudice, is not enough to deny his motion. Further, Elder argues that it is clear that the facts and evidence will overlap between his claims and the plaintiff's claims. Additionally, Elder asserts that the only discovery that has occurred in this case is the one set of written discovery requests served by the plaintiff. Otherwise, Elder argues, the plaintiff has no argument for prejudice because no discovery has taken place and discovery will not be completed until April 17, 2014. Accordingly, Elder contends

that even if there was undue delay (which he does not concede), the plaintiff will not be prejudiced.

The plaintiff then filed untimely objections to Elder's objections. The plaintiff asserts the same arguments as he had previously made. However, he argues cursorily that he would be prejudiced by Elder's motion. Further, he argues that even if Elder were to file his motion that it would not be supported by any evidence and would be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted.

Elder then filed an untimely reply to the plaintiff's objections. Elder again argues that Hillberry is unable to show that he would be prejudiced by the granting of this motion. Further, he contends that Elder has sufficient evidence to support his claim and, even if he did not, the Court is not required to analyze the viability of Elder's proposed claims at this point because a motion to dismiss has not been filed by Hillberry.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, all of the magistrate judge's recommendations to which the plaintiff objected will be reviewed de novo. All findings and

recommendations to which objections were not raised will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV. Discussion

Elder contends that granting him leave to file will not prejudice the plaintiff because the facts involved in his claims will be the same as those involved in Hillberry's claims. Further, Elder asserts that significant discovery has not taken place as no depositions, site inspections, expert disclosures, or medical examinations have been taken and no pretrial or trial dates have been set.[2] Finally, Elder objects to the magistrate judge's use of Rule 13 by itself and the failure by the plaintiff and magistrate judge to consider the element of prejudice.

On the other hand, Hillberry argues that he will be prejudiced, without any justification for his assertion, and also argues that there is no evidence to support the claims made by Elder in his counterclaim. The Court will consider this argument as an assertion that Elder's claims will be futile rather than as a quasi-motion to dismiss because no such motion has been filed by the plaintiff.

---

[2]The Court notes that a current check of the docket report, post-dating the parties' filings, shows that more discovery has taken place which includes the noticing of the deposition of Hillberry for April 22, 2014, and supplemental discovery responses by Hillberry.

<pre>                                   6</pre>

Although Rule 13 controls the pleading standards for a counterclaim or crossclaim, an amendment to add a counterclaim is governed by Rule 15. Fed. R. Civ. P. 13 advisory committee's note (noting the abrogation of Rule 13(f) and the use of Rule 15 in its place). Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, courts are to grant leave freely when justice so requires. Id.

"A motion to amend may be denied when it has been unduly delayed[,] when allowing the motion would prejudice the nonmovant[,]" is based on bad faith, or would be futile. Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 439 (4th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Further, a court has broad discretion to grant or deny leave to amend "based upon a balancing of the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." Barnes Group, Inc. v. C&C Products, Inc., 716 F.2d 1023, 1035 n.35 (4th Cir. 1993). However, the United States Court of Appeals for the Fourth Circuit has held that "delay alone, without prejudice, does not support the denial of a motion for

7

leave to amend." CSX Transp., Inc. v. Gilkison, 406 F. App'x 723, 732, n.4 (4th Cir. 2010) (citing Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987)).

Based on the federal rules and case law cited above, this Court agrees with Elder that the magistrate judge should have considered Rule 15(a) rather than simply referring to Rule 13. The abrogation of Rule 13(f) and the advisory committee notes that accompany Rule 13 clearly support the finding that Rule 15 must be applied in considering a motion for leave to file a counterclaim. Further, the Court agrees with Elder that the prejudice to Hillberry should have been considered by the magistrate judge and that Hillberry has not made a sufficient argument why he would be prejudiced. The plaintiff has simply stated that he would be prejudiced with no further argument. With no supporting reasoning for prejudice otherwise, this Court finds that the only arguments that have been considered by the magistrate judge or raised by Hillberry are: (1) that Elder's delay in filing should cause his motion to fail, or (2) that his claim will be futile and thus he should not be granted leave to file.

First, as cited above, delay alone is not enough to deny a motion for leave to file a counterclaim. Prejudice must also be shown. CSX Transp., Inc., 406 F. App'x at 732 n.4. As the only argument made for prejudice is a bare assertion by the plaintiff that he will be prejudiced without any supportive reasoning, as

noted above, this Court cannot adopt the magistrate judge's finding that Elder's delay forecloses his opportunity to file a counterclaim. Thus, the Court declines to adopt the finding of the magistrate judge pursuant to Rule 13 alone.

Second, Hillberry contends that there is no evidence to support Elder's contentions. Elder asserts that there is and that Hillberry's acknowledgment that Elder had made complaints about an injury prove that there is some evidence that will support Elder's claims. Although futility of the counterclaim would support a denial of this motion, this Court does not find that such futility has been proven. The parties, at this point, are engaging in mere argument and without more discovery or actual documentation to show that the claims are unsubstantiated, this Court cannot find that the counterclaim would be futile. Thus, this argument also fails.

Finally, although not raised in the report and recommendation or by Hillberry, this Court finds that the other two factors cited above, "whether additional discovery will be required and whether the court's docket will be strained[,]" also do not warrant a denial of Elder's motions. <u>Barnes Group, Inc. v. C&C Products, Inc.</u>, 716 F.2d 1023, 1035 n.35 (4th Cir. 1993). The facts underlying both Hillberry's claims and Elder's claims are based out of the same incident and, although the discovery deadline is April 17, 2014, the parties have noticed a deposition of Hillberry to take place after that date. ECF No. 75 (noticing a deposition date

9

of April 22, 2014). Thus, it appears that the parties are working past that deadline and that depositions of the defendants have not been taken. Further, this Court finds no reason why the Court's docket would be strained by allowing the filing of this counterclaim as there have been no pretrial dates or a trial date set for this action.

V. Conclusion

Based on the analysis above, defendant Elder's motion for leave to file a counterclaim is GRANTED, defendant Elder's objections to the report and recommendation are SUSTAINED, and the Court DECLINES to affirm and adopt the recommendation of the magistrate judge. As such, the Clerk of Court is ORDERED to file the accompanying counterclaim to defendant Elder's motion for leave to file a counterclaim (ECF No. 37-1). Further, the plaintiff is DIRECTED to file a response to such counterclaim, if deemed necessary, pursuant to Federal Rule of Civil Procedure 15(a)(3) within 14 days after being served with a copy of the counterclaim.

Finally, the Court is aware that this order may disrupt the present discovery deadline set for April 17, 2014. However, the only discovery that should be affected by this order is that pertaining to defendant Elder's counterclaim. As such, the parties are DIRECTED to meet and confer as to a proposed discovery schedule for addressing defendant Elder's counterclaim. No other discovery should be pursued on the plaintiff's complaint except for the

deposition already scheduled for April 22, 2014. The parties shall, after conferring, submit a proposed discovery schedule on the counterclaim either individually or collectively. Such proposal(s) should be submitted on or before May 12, 2014.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 17, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE